# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KRISTOFFER J. KANDOLA AND | ) | CASE NO. 08-61014 |
| DENISE M. KANDOLA, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | (NOT INTENDED FOR |
| | ) | PUBLICATION) |

On January 16, 2009, Debtors filed a motion to dismiss their joint chapter 7 case. The chapter 7 trustee, Anthony J. DeGirolamo (hereafter "Trustee"), objected to the motion. The Court held a hearing on February 23, 2009. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtors filed a joint chapter 7 petition on April 2, 2008. On Schedule A, Debtor Kristoffer J. Kandola disclosed an interest, identified as a life estate, in real property located in Massachusetts. The value was listed as "unknown" and the secured claim against the property was listed as $0.00. Neither Debtor claimed an exemption in the property. Prior to the 341 meeting of creditors, Debtors voluntarily converted their case to chapter 13. The case was subsequently re-converted to chapter 7 on November 18, 2008.

Trustee conducted a 341 meeting on January 13, 2009. According to the Trustee's minutes from the 341 meeting, filed with the Court on January 15, 2009, he determined the case is an asset case. The day after the minutes were filed, Debtors filed the motion to dismiss, seeking a voluntary dismissal of the case. No code provisions or bankruptcy rules were cited in the motion, nor was any explanation provided by Debtors. Trustee filed an objection on January 20, 2009. Trustee alleges that Debtors have not been able to support their contention that the Massachusetts property is subject to either a life estate or a trust. According to Trustee, the property is an estate asset which can be liquidated for the benefit of creditors.

At the hearing held on February 23, 2009, Debtors contended that Mr. Kandola has

a one-sixth interest in the Massachusetts property where his mother resides. Debtors maintain that the property was subject to a life estate and therefore cannot be sold, but Trustee disputes this. Debtors also represented that the property constituted trust *res* of a trust established in the 1970s. Trustee contends that the trust terminated, but Debtors did not concede this fact. Debtors also represented that Mrs. Kandola obtained employment, making the possibility of chapter 13 more feasible and their need for chapter 7 relief less probable. As a result of these facts, Debtors were not sure of their direction, and indicated they may again consider conversion. The Court provided Debtors a period of one week to file something: documentation of the trust or the life estate, a motion to convert – any action to advise the Court of their intent. No action was taken.

## LAW

The question presented is not complex: do these chapter 7 debtors have the right to voluntarily dismiss their case? At the outset, it is clear that debtors do not have an unfettered right to voluntarily dismiss a chapter 7 case. *See* Sicherman v. Cohara (In re Cohara), 324 B.R. 24, 27 (B.A.P. 6th Cir. 2005) (citing Bartee v. Ainsworth (In re Bartee), 317 B.R. 362, 366 (B.A.P. 9th Cir. 2004)); In re Barnette, 309 B.R. 516, 518 (Bankr. N.D. Ohio 2004) (citing In re Blackmon, 3 B.R. 167, 169 (Bankr. S.D. Ohio 1980)); In re Ingram, 2007 WL 210441 (Bankr. N.D. Ohio 2007) (unpublished) (citing In re Hopkins, 261 B.R. 822 (Bankr. E.D. Pa. 2001)). In order to answer the question, the Court turns to 11 U.S.C. § 707(a).[1]

Section 707(a) provides that a court can dismiss a case "for cause" and provides examples of what constitutes "cause." The burden is upon the movant to establish the "cause" for the requested dismissal. *See* Cohara at 27 (citing In re Horan, 304 B.R. 42 (Bankr. D. Conn. 2004)); Barnette at 519 (citing In re Simmons, 200 F.3d 738, 743 (11th Cir. 2000)). The Sixth Circuit has clearly announced that the grounds for "cause" are not confined to those listed in section 707(a): "the word 'including' is not meant to be a limiting word." Industrial Ins. Serv., Inc. v. Zick (In re Zick), 931 F.2d 1124 (6th Cir. 1991). When looking at what constitutes cause, courts have recognized the competing interests of debtors and creditors. *See* In re Branisel, 130 B.R. 502 (Bankr. N.D. Ohio 1991); In re Thompson, 2008 WL 596967 (Bankr. E.D. Cal. 2008); Ingram at *1. When prejudice to creditors is likely, dismissal is disfavored. *See* Cohara at 27 (citing Peterson v. Atlas Supply Corp. (In re Atlas Supply Corp.), 857 F.2d 1061, 1063 (5th Cir. 1988); In re Harker, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995); Ingram at *1 (citations omitted); Thompson at *2. The Thompson court announced that a court's ruling on a motion to dismiss filed by a debtor should be 'guided by equitable considerations and committed to the sound discretion of the bankruptcy court.' Id. (citing In re Hull, 339 B.R. 304, 308 (Bankr. E.D.N.Y. 2006)).

In this case, Trustee contends that he has located an asset that may have value to the unsecured creditors. Although Debtors disagree with this claim, Debtors have done little to support their assertion that a life tenant is in possession of the property or to

---

[1] Debtors do not identify the bankruptcy code section upon which they rely. Section 707(a) is the most likely, if not only, source for Debtors' motion and will therefore the Court will limit its analysis to this provision.

refute Trustee's documentation that suggests the trust terminated. Debtors have not met their burden of establishing cause for the dismissal. Further, the Court finds that prejudice to the creditors would be likely to occur if the case was dismissed. Over $70,000 in unsecured claims have been filed in this case. The asset in question is an out-of-state asset in which Debtor Kristoffer Kandola has a partial interest. This may create a financial disincentive for an individual creditor to pursue the asset. In bankruptcy, the costs of administration would be shared among the creditors. Trustee alleges the property, as a whole, could be worth as much as $415,000.00. Even using this figure, Debtors would receive a benefit from a discharge because it is unlikely liquidation would satisfy unsecured claims in full. For these reasons, the Court concludes that Debtors have failed to establish cause for dismissal under section 707(a).

An order will be issued in accordance with this opinion.

/s/ Russ Kendig
_____
JUDGE KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Eric Hall
412 N Court St
Medina, OH 44256

Kristoffer J Kandola
Denise M Kandola
126 N. Main Street
West Salem, OH 44287

Anthony J. DeGirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Derrick Rippy
Office of the US Trustee
H. M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Suite 441
Cleveland, OH 44114